IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AZAEL DYTHIAN PERALES, | ) | 4:09CV3231 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES EQUAL | ) | |
| EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, and LOS ANGELES | ) | |
| DISTRICT EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION | ) | |
| OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 12, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on November 12, 2009, against the United States Equal Employment Opportunity Commission ("EEOC") and the Los Angeles District Equal Employment Opportunity Commission Office ("LA EEOC Office"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a California resident. (*Id*.)

Liberally construed, Plaintiff brings his claims pursuant to the Federal Tort Claims Act ("FTCA"). (*Id*. at CM/ECF p. 6.) Plaintiff specifically alleges that the EEOC and the LA EEOC Office negligently failed to investigate his August 19, 2006, and September, 16, 2006, Title VII complaints. (*Id*. at CM/ECF pp. 5-6.) These Title

VII complaints contained allegations of discriminatory acts that occurred in California. (*Id*. at CM/ECF pp. 13-68.) Plaintiff alleges he filed this case in the United States District Court for the District of Nebraska because the California courts refused to exercise jurisdiction over his claims. (*Id*. at CM/ECF p. 10.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege a claim against Defendants pursuant to the FTCA. 28 U.S.C. §§ 2671-80. However, FTCA claims

may only be prosecuted in the district where the plaintiff resides or where "the act or omission complained of occurred." *See* 28 U.S.C. § 1402(b); *see also Dyer v. United States*, No. 96-1506, 1997 WL 126789, at *2 (8th Cir. Mar. 21, 1997). Because Plaintiff resides in California and his claims relate to discriminatory acts that occurred in California, Nebraska is not the proper venue for his claims.

Moreover, the FTCA does not apply to claims based on the EEOC's failure to perform discretionary duties. *See* 28 U.S.C. § 2680(a). This "discretionary function exception" clearly applies to Plaintiff's claims because they relate to the EEOC's processing of a charge of discrimination. *Martinez v. United States*, No. 05-22078-CV-WMH, 2006 WL 2257857, at *2-3 (11th Cir. Aug. 8, 2006) (holding that the EEOC's processing of a charge of discrimination involves the elements of judgment and choice.); *see also United States v. Gaubert*, 499 U.S. 315, 323 (1991) (holding that the EEOC's processing of a charge of discrimination is the kind of administrative decisionmaking that Congress intended to shield from tort liability). Consequently, Plaintiff's Complaint also fails to state a claim upon which relief may be granted.

For the reasons discussed above, Plaintiff's Complaint is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2.  A separate judgment will be entered in accordance with this Memorandum and Order.

December 15, 2009.                    BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.